**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTOPHER BETANCOURTH,** | **:** | |
| **Plaintiff** | **:** | **No. 3:22-CV-0060** |
| | **:** | |
| **v.** | **:** | **Judge Mehalchick** |
| | **:** | |
| **PENNSYLVANIA CORRECTIONS** | **:** | **Electronically Filed Document** |
| **OFFICER KNORR** *and* **JOHN** | **:** | |
| **DOE(S),** | **:** | *Complaint Filed 01/11/22* |
| **Defendants** | **:** | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Knorr, by and through undersigned counsel, hereby provides an Answer and Affirmative Defenses[1] to the Plaintiff's Complaint (ECF Doc 1), as follows. All headings correspond to those presented in the Complaint.

I.  Introduction.

   1.  This paragraph contains the basis for Plaintiff's action and conclusions of law; no response is required.

II. Jurisdiction and Venue.

   2.  This is an incorporation paragraph, to which no response is required.

---

[1] The Court previously granted an extension to file this responsive pleading, setting a deadline of April 27, 2022. Undersigned counsel mistakenly did not file this answer on that date, and instead files it today, April 28. Undersigned counsel apologizes to Plaintiff, Plaintiff's counsel, and the Court, and respectfully requests that this Honorable Court accept this responsive pleading and consider it filed timely.

3. This paragraph is a statement of jurisdiction, to which no response is required.

4. This paragraph is a statement of venue, to which no response is required.

III. Parties.

5. This is an incorporation paragraph, to which no response is required.

6. Upon information and belief, admitted.

7. Admitted in part, denied in part. The identity of this defendant is admitted. Any inferences or conclusions regarding his job responsibilities are DENIED. Additionally, this paragraph contains conclusions of law, to which no response is required.

8. This paragraph concerns unidentified defendants who are not represented by undersigned counsel; no response is required.

9. This paragraph contains conclusions of law, to which no response is required. To the extent any facts are alleged against Defendant, they are DENIED.

10. This paragraph contains conclusions of law, to which no response is required. To the extent any facts are alleged against Defendant, they are DENIED.

11.  This paragraph contains conclusions of law, to which no response is required.  To the extent any facts are alleged against Defendant, they are DENIED.

12.  This paragraph contains conclusions of law, to which no response is required.  To the extent any facts are alleged against Defendant, they are DENIED.

IV.   Statement of Claims

13. This is an incorporation paragraph, to which no response is required.

14.  Admitted with clarification.  Plaintiff was only in the restricted housing unit at SCI-Dallas from February 10 to February 12 of 2020. The incident underlying this action, however, occurred in April of 2020.

15.  After reasonable investigation, Defendant is without sufficient information to speak to the truth of this averment; it is therefore DENIED.

16.  After reasonable investigation, Defendant is without sufficient information to speak to the truth of this averment; it is therefore DENIED.

17.  DENIED.

18.  DENIED.

19.  DENIED.

20.  DENIED.

21.  DENIED.

22.  DENIED.

23.  DENIED.

24.  Admitted in part, denied in part.  It is admitted that Plaintiff was taken to the medical department.  The remainder of the averments in this paragraph are DENIED.

25.  Admitted with clarification.  Although the grievance response indicated that there was no video preserved, there is video of this incident.

26.  Admitted.

27.  After reasonable investigation, Defendant is without sufficient information to speak to the truth of this averment; it is therefore DENIED.

28.  Admitted.

29.  After reasonable investigation, Defendant is without sufficient information to speak to the truth of this averment; it is therefore DENIED.

30.  After reasonable investigation, Defendant is without sufficient information to speak to the truth of this averment; it is therefore DENIED.

31.  After reasonable investigation, Defendant is without sufficient information to speak to the truth of this averment; it is therefore DENIED.

32.  After reasonable investigation, Defendant is without sufficient information to speak to the truth of this averment; it is therefore DENIED.

33.  After reasonable investigation, Defendant is without sufficient information to speak to the truth of this averment; it is therefore DENIED.

34.  Admitted.

35.  DENIED.

Count I.

36.  This is an incorporation paragraph, to which no response is required.

37.  This paragraph contains conclusions of law, to which no response is required.  To the extent any facts are alleged against Defendant, they are DENIED.

38.  This paragraph contains conclusions of law, to which no response is required.  To the extent any facts are alleged against Defendant, they are DENIED.

39.  This paragraph contains conclusions of law, to which no response is required.  To the extent any facts are alleged against Defendant, they are DENIED.

40.  This paragraph contains conclusions of law, to which no response is required.  To the extent any facts are alleged against Defendant, they are DENIED.

41.  This paragraph contains conclusions of law, to which no response is required.  To the extent any facts are alleged against Defendant, they are DENIED.

42.  This paragraph contains conclusions of law, to which no response is required.  To the extent any facts are alleged against Defendant, they are DENIED.

43.  Admitted.

44. DENIED.

45. DENIED.

46. This paragraph contains conclusions of law, to which no response is required.  To the extent any facts are alleged against Defendant, they are DENIED.

47. This paragraph contains conclusions of law, to which no response is required.  To the extent any facts are alleged against Defendant, they are DENIED.

48. DENIED.

49. DENIED.

50. This paragraph contains conclusions of law, to which no response is required.  To the extent any facts are alleged against Defendant, they are DENIED.

Count II.

51. This is an incorporation paragraph, to which no response is required.

52. This paragraph contains conclusions of law, to which no response is required.  To the extent any facts are alleged against Defendant, they are DENIED.

V. Demand for Jury Trial.

53. This is an incorporation paragraph, to which no response is required.

54. This paragraph, and the lettered sub-paragraphs, are Plaintiff's request for relief; no response is required.

## AFFIRMATIVE DEFENSES

In addition to the denials above, Defendant asserts the following AFFIRMATIVE DEFENSES:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant acted at all times with the good-faith belief that his conduct was lawful, thus he is immune from liability by virtue of absolute, qualified, official, governmental, state sovereign, and/or any other immunity.

### THIRD AFFIRMATIVE DEFENSE

Defendant had legitimate penological reasons for all his decisions and actions.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust available administrative remedies regarding all of his claims.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint may be barred by the doctrines of estoppel, waiver, laches, and/or applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint may be barred and/or his damages reduced by the doctrines of assumption of the risk, contributory and/or comparative negligence, and failure to mitigate damages.

### SEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred based on lack of personal involvement.

### EIGHTH AFFIRMATIVE DEFENSE

If Defendant violated any rights of the Plaintiff, which is specifically denied, such violations were not arbitrary, willful, intentional, malicious, wanton or reckless.

### NINTH AFFIRMATIVE DEFENSE

At no time has Defendant, either individually or in concert with others, deprived or sought to deprive Plaintiff of any rights, privileges or immunities

secured to him by the Constitution or laws of the United States or this Commonwealth.

## TENTH AFFIRMATIVE DEFENSE

Any actions taken by Defendant were justified, privileged, and reasonable.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint makes claims for relief, some or all of which are not or may not be legally cognizable or compensable under state or federal law.

## TWELFTH AFFIRMATIVE DEFENSE

Any harm occurring to Plaintiff, which is expressly denied, was the direct and proximate result of Plaintiff's own actions or inactions, which bars recovery against Defendant.

Defendant reserves the right to raise additional Affirmative Defenses, as appropriate, that become available during the pendency of this litigation.

**Respectfully submitted,**

**JOSH SHAPIRO**
**Attorney General**

**By:** _s/ Jonathan M. Blake_

**Office of Attorney General**          **JONATHAN M. BLAKE**
**15th Floor, Strawberry Square**       **Deputy Attorney General**
**Harrisburg, PA 17120**                **Attorney ID 307030**

10

**Phone: (717) 783-7128**

**KAREN M. ROMANO**
**Chief Deputy Attorney General**
**Civil Litigation Section**

**jblake@attorneygeneral.gov**

**Date:  April 28, 2022**

**Counsel for Defendant Knorr**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER BETANCOURTH,** | **:** | |
| **Plaintiff** | **:** | **No.  3:22-CV-0060** |
| | **:** | |
| **v.** | **:** | **Judge Mehalchick** |
| | **:** | |
| **PENNSYLVANIA CORRECTIONS** | **:** | **Electronically Filed Document** |
| **OFFICER KNORR** *and* **JOHN** | **:** | |
| **DOE(S),** | **:** | *Complaint Filed 01/11/22* |
| **Defendants** | **:** | |

## CERTIFICATE OF SERVICE

I, Jonathan M. Blake, Deputy Attorney General for the Commonwealth of

Pennsylvania, Office of Attorney General, hereby certify that on April 28, 2022, I

caused to be served a true and correct copy of the foregoing document titled

Answer and Affirmative Defenses to the following:

## VIA ELECTRONIC FILING

**David V. Lampman, Esquire**
**Leonard M. Gryskewicz, Jr., Esquire**
**Lampman Law**
**2 Public Square**
**Wilkes-Barre, PA  18701**
lenny@lampmanlaw.com
*Counsel for Plaintiff*


   *s/ Jonathan M. Blake*   
**JONATHAN M. BLAKE**
Deputy Attorney General